IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                          Case No. 8:21-cv-02231-TPB-CPT

EDWARD LUBIN, M.D.,

    Defendant.

_____/

## JOINT PRETRIAL STATEMENT

    Pursuant to the Court's Case Management and Scheduling Order, the Plaintiff files this Joint Pretrial Statement. The parties conducted the pretrial meeting on June 27, 2023. Counsel for the United States subsequently prepared and sent defense counsel an email memorializing the parties' discussions at the pretrial meeting, including the agreed matters and issues of dispute. This pretrial statement memorializes those discussions, and was sent to defense counsel on July 4, 2023, with no response to date.

I.    <u>Basis of Court's Jurisdiction.</u>

    This Court has federal jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and under the False Claims Act (FCA), 31 U.S.C. §§ 3729–33.

II.  Concise Statement of the Action.

This is a civil case brought under the FCA. The Plaintiff, the United States of America, claims that the Defendant, Dr. Edward Lubin, violated the FCA by causing prescriptions to be submitted to federal healthcare programs that were (1) tainted by an illegal kickback arrangement between Dr. Lubin and Insys Therapeutics, Inc. (Insys), (2) medically unnecessary, or (3) both tainted by a kickback and medically unnecessary. Dr. Lubin denies those claims and contends that he acted at all relevant times in good faith.

III.  Concise Statement of Each Party's Position

A.  Plaintiff's Statement of its Position

The United States alleges that Dr. Lubin knowingly engaged in a kickback scheme where Insys paid Dr. Lubin thousands of dollars for sham presentations to induce him to prescribe Insys' fentanyl medication called Subsys. As soon as he became an Insys speaker, Dr. Lubin immediately began prescribing Subsys.

Ultimately, from 2013 to 2016, Dr. Lubin was paid nearly $160,000 by Insys over the course of his participation in the sham speaker program and caused the submission of more than $4 million in Subsys claims paid by Medicare Part D and TRICARE. In this action, the United States has filed a Complaint under the FCA and Anti-Kickback Statute (AKS) and seeks treble damages and civil penalties for Dr. Lubin's actions in the fraudulent kickback scheme.

    B.    <u>Defendants' Statement of his Position</u>

Defendant has not provided a statement of his position.

IV.    <u>List of Exhibits with Notations of Objections</u>[1]

    A.    The Plaintiff's Exhibit List is attached as Exhibit A. Defendant has not notified Plaintiff of any objections at this time.

    B.    The Defendant's Exhibit List with Notations of Plaintiff's Objections is attached as Exhibit B.

V.    <u>List of Witnesses</u>

    A.    <u>Plaintiff's List of Witnesses</u>:

Plaintiff's Witness List is attached as Exhibit C and includes the likelihood of whether each witness will testify. Defendant has not notified Plaintiff of any objections at this time, except the objection to plaintiff's expert discussed further, below.

    B.    <u>Defendants' List of Witnesses</u>:

Defendant's Witness List is attached as Exhibit D and includes notations of Plaintiff's objections. Defendant has not provided information on the likelihood of whether each witness will testify.

VI.    <u>List of Expert Witnesses</u>

Experts are included in each party's witness lists.

---

[1] The parties will work on creating a joint list of exhibits that both parties intend to introduce as evidence at trial.

3

Plaintiff's medical expert is Dr. Paul Lynch, a Board-certified physician in both anesthesiology and pain medicine. Dr. Lynch will testify concerning Subsys, the use and prescription of controlled substances, and the indications of misuse and abuse of drugs. Dr. Lynch will opine on violations of the standard of care concerning patients to whom Dr. Lubin prescribed Subsys and the lack of medical necessity for Dr. Lubin's prescriptions of Subsys. Dr. Lynch will testify based upon his review of patient medical and hospital records, prescription data, discovery responses, testimony, as well as scientific literature and data. Defendant objects to portions of Dr. Lynch's testimony, specifically to portions of Dr. Lynch's testimony being irrelevant to this matter or changing over time. Dr. Lynch will also provide rebuttal testimony, if necessary, to the testimony of Defendant's expert, Dr. Richard Rauck.

Defendant's medical expert is Dr. Richard Rauck, who will testify as a rebuttal expert. Plaintiff does not object to Dr. Rauck's testimony to the extent it is consistent with his deposition testimony on March 7, 2023.

VII. Breakdown of Type and Amount of Money Damages

The United States alleges that, as a result of Dr. Lubin's actions, false claims were submitted to Medicare and TRICARE from September 18, 2014,[2] through December 31, 2016. The United States alleges that, during this time, Medicare paid out $3,110,913 for 344 Subsys prescriptions written by Dr. Lubin. For the same time

---

2 This is the applicable statute of limitations date for the United States' claims, calculated as six years from the date the United States filed its case, plus the time tolled by agreement between the United States and Dr. Lubin. *See* U.S.C. § 3731(b)(1).

4

period, TRICARE paid $1,168,394 for 70 Subsys prescriptions written by Dr. Lubin. Accordingly, the total false claims submitted to and paid by federal health care programs is a total of $4,279,307. Treble damages on this figure are approximately $12.8 million. These amounts do not include civil penalties, which range from $5,500 up to $27,018 per claim, for a total of 414 claims. *See* 28 C.F.R. § 85.3(a)(9), 85.5.

Defendant has not provided any information on damages.

VIII. <u>List of Depositions Offered in Lieu of Live Testimony (other than for impeachment)</u>

Plaintiff offers the attached deposition and designations for witness Beena Patel (attached as Exhibit E), who may be unavailable for trial due to international travel. Plaintiff has no other deposition designations at this time but reserves the right to provide other designations should a witness become unavailable during trial. Plaintiff reserves the right to enter as rebuttal or impeachment evidence the deposition of any testifying witness whose deposition has been taken in this case.

Defendant has not designated any depositions to date.

IX. <u>Concise Statement of Admitted Facts</u>

The parties discussed, but did not agree to, factual stipulations at the Pretrial Meeting on Tuesday, June 27, 2023. Where noted, the following includes admitted facts from Defendant's Answers and Affirmative Defenses (Doc. 26). The parties have otherwise stipulated to the remaining admitted facts in email correspondence following the Pretrial Meeting.

1. Dr. Lubin wrote Subsys prescriptions for Part D beneficiaries that were filled by pharmacies and paid for by Medicare. (Doc. 1, ¶ 59; Doc. 26, ¶ 59.)

2. Dr. Lubin was a speaker in the Insys Speaker Program.

3. Dr. Lubin entered into a "Speaker Agreement" with Insys, which he signed on September 10, 2013. (*Id.* ¶ 100.)

4. Julia Key was prescribed Subsys by Dr. Lubin but, as with most of Dr. Lubin's patients, she never had a cancer diagnosis. She went so far as to sue Dr. Lubin in 2018 for medical negligence for prescribing her Subsys. *Key v. Lubin*, Polk County Case No. 2018-CA-001229 (Fla. Cir. Ct., 10th Jud. Cir.), filed April 12, 2018. The case settled out of court in 2019. (Doc. 1, ¶ 1; Doc. 26, ¶ 159.)

The following facts were proposed by the United States as stipulations of fact, but to date, defense counsel has not responded:

5. Dr. Lubin wrote Subsys prescriptions for TRICARE beneficiaries that were filled by pharmacies and paid for by TRICARE.

6. Dr. Lubin entered into subsequent Speaker Agreements with Insys, which he signed, bearing the following dates:

- Oct. 19, 2013 (PL's Ex. 78, INS-MDF-1215)

- March 21, 2014 (PL's Ex. 79, INS-MDF-1252)

- June 25, 2014 (PL's Ex. 80, INS-MDF-1240)

- November 24, 2015 (PL's Ex. 82, INS-MDF-1322)

- April 21 2016 (PL's Ex. 83, INS-MDF-1335)

7. Medication charts from certified patient files from Gessler Clinic (Plaintiff's Exhibit 163) represent prescriptions that Dr. Lubin wrote and caused to be presented to and paid for by Medicare and TRICARE.

8. Between 2013 and 2016, Dr. Lubin received payments from Insys totaling approximately $159,580 for speaker events, training, and travel. These Insys payments were in the form of checks, which Dr. Lubin signed. He deposited them into his Center State Bank checking account.

X. Concise Statement of Agreed Upon Principles of Law

1. The Court has jurisdiction, and venue is proper in this Court. (Doc. 1, ¶¶ 2–3; Doc. 26, ¶2–3.)

2. The parties have agreed to the standard Eleventh Circuit pattern jury instructions for civil cases. There are no pattern jury instructions for the FCA False or the AKS. The parties agreed to file their non-pattern jury instructions consistent with the deadlines set in the Case Management and Scheduling Order.

3. The government may treat Edward Lubin as a hostile witness in its case-in-chief.

4. The United States may present evidence at trial of conduct relating to the alleged kickback scheme that occurred before September 14, 2018, which is the agreed statute of limitations date for purposes of calculating damages.

XI.    Concise Statement of Each Issue of Fact (without incorporating other documents)

1. Did Insys pay remuneration in the form of speaker fees to Dr. Lubin to induce Dr. Lubin to prescribe Subsys to his patients?

2. Were Dr. Lubin's Subsys prescriptions medically necessary?

3. Did Dr. Lubin receive or ask for remuneration, such as a kickback or bribe, from Insys?

4. Did Dr. Lubin receive remuneration in return for ordering or prescribing Subsys?

5. Did Dr. Lubin act knowingly and willfully in receiving or asking for remuneration from Insys?

6. Did Dr. Lubin knowingly present or cause to be presented false claims for payment to the United States?

7. Did Dr. Lubin knowingly make or use, or cause to be made or used, false records or statements in support of claims to the United States?

8. Was the information in the claims, records, or statements that Dr. Lubin submitted, caused to be submitted, made or used, or caused to be made or used, material to the United States' decision to pay the claims?

9. Does Medicare pay for Subsys prescriptions for off-label prescribing?

10. Did Dr. Lubin cause damages to the United States?

11. If Dr. Lubin submitted or caused the submission of false claims to federal health care programs, how many false claims did Dr. Lubin cause to be submitted for Subsys prescriptions?

12. What was the monetary amount of these false claims?

XII. <u>Concise Statement of Each Issue of Law (without incorporating other documents)</u>

1. Is a good faith jury instruction necessary when the government has to prove the defendant acted willfully under the AKS?

2. Can the United States admit the business records from the following entities, pursuant to business records declarations:

    a) Center State Bank
    b) First Coast Service Options
    c) Medicare/Investigations MEDIC
    d) DHA/TRICARE
    e) Insys Therapeutics
    f) Plan 365/BCD Meetings & Events
    g) Publix Pharmacy
    h) TIRF REMS
    i) Winter Haven Pharmacy
    j) Gessler Clinic
    k) Winter Haven Hospital
    l) Lakeland Regional Hospital
    m) Advent Health Lake Wales

3. Can the United States admit proffered emails and records of Insys Therapeutics and Plan 365 at the start of trial pursuant to the business records declarations Insys's former information technology officer, and of Ashley Williams

and Carolyn Farkas, from BCD Meetings and Events, the successor to Plan 365? (Doc. 51, United States Motions in Limine on Uncontested Issues.)

4. Can the United States admit pre-statute of limitations evidence of the government's alleged kickback scheme? (Doc. 51, United States Motions in Limine on Uncontested Issues.)

5. Can the United States admit summary evidence in the form of charts and testimony? (Doc. 51, United States Motions in Limine on Uncontested Issues.)

6. Will the Court exclude the testimony of more than 200 previously undisclosed witnesses on Defendant Edward Lubin's witness list? (Doc. 50, United States Contested Motions in Limine.)

7. Can the United States admit evidence of a 2016 lawsuit against Lubin for the limited purpose of demonstrating notice? (Doc. 50, United States Contested Motions in Limine.)

8. Can the United States admit witness Brittany Williams' anticipated refusal to answer questions at trial, by invoking the Fifth Amendment, as adverse evidence against her? (Doc. 50, United States Contested Motions in Limine.)

9. Can the United States admit authenticated text communications of witness Karen Hill under Fed. R. Evid, 803(6), 902(11), 803(1), 803(3), or 807. (Doc. 50, United States Contested Motions in Limine.)

10. Can the United States admit the deferred prosecution agreement of Insys Therapeutics and the plea agreement of Karen Hill into evidence under Federal Rule

of Evidence 803(22) and/or Federal Rule of Evidence 201? (Doc. 50, United States Contested Motions in Limine.)

XIII.   List of Pending Motions or Other Unresolved Issues

    1.   Plaintiff's Motions in Limine, Doc. 50 and 51.

    2.   Defendant has stated that he intends to file a motion in limine to limit the testimony of Plaintiff's expert.

XIV.   Statement of the Usefulness of Further Settlement Discussions

The parties mediated on two prior occasions to an impasse. The first mediation took place before the case was filed, on August 13, 2021. The second mediation took place prior to the close of discovery on December 20, 2022, before Magistrate Judge Julie S. Sneed. Based on the discussions of counsel at the Pretrial Meeting, it does not appear further mediation would be fruitful at this time.

## Certification of Counsel Signatures

In preparing this final pretrial statement, counsel has aimed for the just, speedy, and inexpensive resolution of this case.

## Certification of Conferral

Counsel for the United States met with counsel for Lubin at the parties' pretrial meeting on June 27, 2023.  The United States then followed up on the following dates:

June 28, 2023 – Email summarizing agreement and remaining issues at pretrial meeting.

June 29, 2023 – Email attaching records custodian declarations.

11

June 29, 2023 – Email attaching electronic versions of the United States' exhibit and witness lists.

June 30, 2023 – Email attaching proposed jury instructions and objections to Dr. Lubin's witness and exhibit lists.

July 4, 2023 – Email attaching Draft Joint Pretrial Statement and requesting response.

July 5, 2023 – Defense counsel responded asking for an electronic copy of the Plaintiff's proposed verdict form and agreeing to provided responses to Plaintiff's proposed jury instructions by July 7, 2023.

July 5, 2023 – Email attaching draft verdict form for defense counsel.

July 7, 2023 – Email requesting comments to Joint Pretrial Statement by noon on Monday, July 10. Email noted, "If we do not hear from you, we will file based on what we discussed at the Pretrial Meeting on June 27."

July 7, 2023 – Email attaching declarations and requesting consent to admit the records.

July 10, 2023 – Email sending deposition designation to defense counsel.

July 10, 2023 – Email again requesting comments to the proposed jury instructions.

July 10, 2023 – Call to Mr. Sisco regarding Joint Pretrial Statement deadline (left message with staff member); call to Mr. Aranda regarding Joint Pretrial Statement deadline (left message with staff member and via voicemail).

To date, the United States has not received any response, other than Mr. Aranda's July 5, 2023, email requesting a copy of the government's proposed verdict form and indicating that Defendant's jury instruction responses and proposed instructions were forthcoming.

Dated: July, 10, 2023

| SISCO-LAW | ROGER B. HANDBERG<br>United States Attorney |
|---|---|
| by: _____<br>Dale R. Sisco<br>Florida Bar No. 559679<br>1110 N. Florida Avenue<br>Tampa, FL 33602<br>Tele. (813) 224-0555<br>Fax: (813) 221-9736<br>Email: dsisco@sisco-law.com<br>*Lead Counsel for Edward Lubin, M.D* | By: */s/ Jeremy Bloor*<br>JEREMY R. BLOOR<br>Assistant United States Attorney<br>Fla. Bar No. 0071497<br>400 W. Washington St., Ste. 3100<br>Orlando, Florida 32801<br>Telephone: (407) 648-7500<br>Fax: (407) 648-7643<br>Email: Jeremy.Bloor@usdoj.gov<br>*Lead Counsel for the United States of America* |