UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Case No. 8:21-cv-2231-TPB-JSS

EDWARD LUBIN, M.D.

    Defendant.
_____/

## ORDER ON UNITED STATES OF AMERICA'S
## MOTIONS IN LIMINE AND OTHER PRETRIAL MATTERS

This matter is before the Court on "The United States of America's Contested Motions in Limine" (Doc. 50), "The United States of America's Motions in Limine on Uncontested Issues" (Doc. 51), "The United States of America's Motion for the Court to Accept Plaintiff's July 10, 2023 Filings as the Parties' Joint Pretrial Filings" (Doc. 56), and matters discussed at the Pretrial Conference held on July 17, 2023 (Doc. 58).

***Contested Motions in Limine (Doc. 50).***

"The United States of America's Contested Motions in Limine" (Doc. 50), are **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART** in part, as follows:

<u>Previously undisclosed witnesses</u>.  Plaintiff United States of America moves to exclude more than 200 trial witnesses listed by Defendant Edward Lubin that Plaintiff argues were not disclosed in discovery.  Ruling on this issue is **DEFERRED**.  Defendant will respond to the motion in limine on this issue on or before July 26, 2023.

Page 1 of 4

<u>2016 lawsuit</u>.  Plaintiff moves to admit evidence of a 2016 lawsuit against Defendant to demonstrate notice.  As to this issue, the motion is **DENIED WITHOUT PREJUDICE** to Plaintiff's seeking the admission of this evidence at trial.  Counsel is directed not to mention this evidence in opening statement or otherwise until the Court rules on its admissibility.

<u>Fifth Amendment adverse inference</u>.  Plaintiff requests a jury instruction on the permissibility of an adverse inference against witness Brittany Williams based on her anticipated invocation of the Fifth Amendment at trial.  The motion in limine is **GRANTED IN PART** to the extent that the Court will give an adverse inference instruction.  The Court will determine the language of the instruction after further argument of counsel on this and other proposed jury instructions.

<u>Karen Hill text messages</u>.  Plaintiff requests the Court rule that text messages authenticated by the declaration of Karen Hill are admissible.  The motion is **GRANTED IN PART** on this issue.  At the July 17, 2023, Pretrial Conference, counsel for Defendant stated that Defendant did not object to the messages on hearsay grounds.  The Court also understands that Defendant does not object to Plaintiff's providing a foundation for admission of the evidence via a written declaration by Hill rather than live testimony.  The Court finds that the messages constitute business records admissible under the hearsay exception provided by Fed. R. Evid. 803(6).  Ruling on whether this evidence is admissible under Fed. R. Evid. 401, 402, and 403 is **DEFERRED** until trial.

<u>Deferred prosecution and plea agreements</u>.  Plaintiff requests that the Court rule that the deferred prosecution agreement of Insys Therapeutics and the plea agreement of Karen Hill are admissible.  Ruling on this issue is **DEFERRED**.  Defendant is

**DIRECTED** to file a response to Plaintiff's motion on this issue on or before July 26, 2023.

### *Motions in Limine on Uncontested Issues (Doc. 51)*

In "The United States of America's Motions in Limine on Uncontested Issues" (Doc. 51), Plaintiff seeks a pretrial ruling that several items or types of evidence will be admissible at trial. Plaintiff states that Defendant's counsel indicated Defendant was agreeable and likely would not object to the relief sought in the motion, but that Plaintiff has been able to confirm Defendant's position. Defendant is **DIRECTED** to file with the Court on or before July 21, 2023, a notice stating whether Defendant objects to the relief sought in this motion. In the event Defendant objects in whole or part, Defendant is **DIRECTED** to file a response to the motion on or before July 26, 2023. Accordingly, ruling on this motion is **DEFERRED.**

### *Motion regarding Plaintiff's July 10, 2023 Filings*

"The United States of America's Motion for the Court to Accept Plaintiff's July 10, 2023 Filings as the Parties' Joint Pretrial Filings" (Doc. 56) is **DENIED**. Counsel for Defendant is **DIRECTED** to confer promptly with counsel for Plaintiff and to provide all information necessary to allow the preparation of an amended and *joint* Pretrial Statement. The parties are further **DIRECTED** to confer promptly on the extent to which the witnesses and exhibits can be streamlined to allow the presentation of the case to the jury within eight days as discussed by the Court at the Pretrial Conference, bearing in mind the mandate of Fed. R. Civ. P. 1 that the action be determined in a "just, speedy, and inexpensive" manner. The parties are **DIRECTED** to file their amended joint Pretrial Statement or before July 25, 2023.

*Evidence regarding drugs other than Subsys*

This lawsuit alleges Defendant received improper kickbacks for prescriptions of a fentanyl medication known as Subsys, and wrote prescriptions for Subsys that were not medically necessary.  At the Pretrial Conference, Defendant expressed a concern that Plaintiff's case might improperly focus on drugs other than Subsys.  To the extent Defendant seeks a pretrial ruling on this issue, he must file a motion in limine on this issue on or before July 21, 2023.

*Final Pretrial Conference*

The Court by separate notice has set a Final Pretrial Conference for July 27, 2023, at 1:30 p.m.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of July, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**