IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                  Case No. 8:21-cv-02231-TPB-CPT

EDWARD LUBIN, M.D.,

    Defendant.
_____/

## JOINT PRETRIAL STATEMENT

Pursuant to the Court's Case Management and Scheduling Order and July 18, 2023 Order (Doc. 60), the Parties file this Joint Pretrial Statement.

I.    Basis of Court's Jurisdiction.

This Court has federal jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and under the False Claims Act (FCA), 31 U.S.C. §§ 3729–33.

II.    Concise Statement of the Action.

This is a civil case brought under the FCA. The Plaintiff, the United States of America, claims that the Defendant, Dr. Edward Lubin, violated the FCA by causing prescriptions to be submitted to federal healthcare programs that were (1) tainted by an illegal kickback arrangement between Dr. Lubin and Insys Therapeutics, Inc. (Insys), (2) medically unnecessary, or (3) both tainted by a kickback and medically

1

unnecessary. Dr. Lubin denies those claims and contends that he acted at all relevant times in good faith.

III.   Concise Statement of Each Party's Position

    A.   Plaintiff's Statement of its Position

The United States alleges that Dr. Lubin knowingly engaged in a kickback scheme where Insys paid Dr. Lubin thousands of dollars for sham presentations to induce him to prescribe Insys' fentanyl medication called Subsys. As soon as he became an Insys speaker, Dr. Lubin immediately began prescribing Subsys.

Ultimately, from 2013 to 2016, Dr. Lubin was paid nearly $160,000 by Insys over the course of his participation in the sham speaker program and caused the submission of more than $4 million in Subsys claims paid by Medicare Part D and TRICARE. In this action, the United States has filed a Complaint under the FCA and Anti-Kickback Statute (AKS) and seeks treble damages and civil penalties for Dr. Lubin's actions in the fraudulent kickback scheme.

    B.   Defendants' Statement of his Position

Defendant, Edward Lubin, MD, is a Board-Certified anesthesiologist, with subspecialty certifications in pain management. He is also Board Certified in addiction medicine. Between 2013 and 2016, Dr. Lubin was a Director at Gessler Clinic in Winter Haven, Florida, a large multispecialty practice. Dr. Lubin was the only pain management physician in this practice. While Dr. Lubin accepted his own

patients into the practice, the majority of his patients were referred for chronic pain treatment by other practitioners at Gessler Clinic.

Based upon his expertise, Dr. Lubin was requested to speak to various groups about a particular medication, Subsys, based upon a presentation developed and provided by Insys Therapeutics. Dr. Lubin did not schedule, or participate in the coordination of these events. Rather, he showed up as directed and was paid a fee for his participation. Dr. Lubin denies he had knowledge of, or participated in a kickback scheme or caused the submission of false claims for Subsys.

IV. List of Exhibits with Notations of Objections[1]

    A. The Plaintiff's Exhibit List with Notations of Defendant's Objections is attached as Exhibit A.

    B. The Defendant's Exhibit List with Notations of Plaintiff's Objections is attached as Exhibit B.

V. List of Witnesses

    A. Plaintiff's List of Witnesses:

Plaintiff's Witness List is attached as Exhibit C and includes notations of Defendant's objections and the likelihood of whether each witness will testify.

    B. Defendants' List of Witnesses:

Defendant's Witness List is attached as Exhibit D and includes notations of

---

[1] The parties will work on creating a joint list of exhibits that both parties intend to introduce as evidence at trial.

3

Plaintiff's objections and the likelihood of whether each witness will testify.

VI. <u>List of Expert Witnesses</u>

Experts are included in each party's witness lists.

Plaintiff's medical expert is Dr. Paul Lynch, a Board-certified physician in both anesthesiology and pain medicine. Dr. Lynch will testify concerning Subsys, the use and prescription of controlled substances, and the indications of misuse and abuse of drugs. Dr. Lynch will opine on violations of the standard of care concerning patients to whom Dr. Lubin prescribed Subsys and the lack of medical necessity for Dr. Lubin's prescriptions of Subsys. Dr. Lynch will testify based upon his review of patient medical and hospital records, prescription data, discovery responses, testimony, as well as scientific literature and data. Defendant objects to portions of Dr. Lynch's testimony, for the reasons set forth in his Motion in Limine (Doc. 62). Dr. Lynch will also provide rebuttal testimony, if necessary, to the testimony of Defendant's expert, Dr. Richard Rauck.

Defendant's medical expert is Dr. Richard Rauck. Dr. Rauck has practiced pain medicine for more than 35 years, having founded the academic pain management clinic at Wake Forest Baptist Health in 1986. He has published more than 175 peer-reviewed articles on pain management related issues. He founded the Carolinas Pain Institute and serves on its board of Directors.

Dr. Rauck will testify that, in his professional medical opinion, Dr. Lubin at all times practiced medicine within the applicable standard of care and his prescriptions

for Subsys were issued for a legitimate medical purpose in the usual course of professional practice.

Plaintiff does not object to Dr. Rauck's testimony to the extent it is consistent with his deposition testimony on March 7, 2023.

VII. <u>Breakdown of Type and Amount of Money Damages</u>

The United States alleges that, as a result of Dr. Lubin's actions, false claims were submitted to Medicare and TRICARE from September 18, 2014,[2] through December 31, 2016. The United States alleges that, during this time, Medicare paid out $3,110,913 for 344 Subsys prescriptions written by Dr. Lubin. For the same time period, TRICARE paid $1,168,394 for 70 Subsys prescriptions written by Dr. Lubin. Accordingly, the total false claims submitted to and paid by federal health care programs is a total of $4,279,307. Treble damages on this figure are approximately $12.8 million. These amounts do not include civil penalties, which range from $5,500 up to $27,018 per claim, for a total of 414 claims. *See* 28 C.F.R. § 85.3(a)(9), 85.5.

Defendant has not provided any information on damages.

VIII. <u>List of Depositions Offered in Lieu of Live Testimony (other than for impeachment)</u>

Plaintiff offers the attached deposition and designations for witnesses Beena Patel and Nicolle Burke (attached as Exhibits E and F), who may be unavailable for

---

2 This is the applicable statute of limitations date for the United States' claims, calculated as six years from the date the United States filed its case, plus the time tolled by agreement between the United States and Dr. Lubin. *See* U.S.C. § 3731(b)(1).

trial. Plaintiff has no other deposition designations at this time but reserves the right to provide other designations should a witness become unavailable during trial. Plaintiff reserves the right to enter as rebuttal or impeachment evidence the deposition of any testifying witness whose deposition has been taken in this case.

Defendant has not designated any depositions to date.

IX. <u>Concise Statement of Admitted Facts</u>

1. Dr. Lubin wrote Subsys prescriptions for Part D beneficiaries that were filled by pharmacies and paid for by Medicare. (Doc. 1, ¶ 59; Doc. 26, ¶ 59.)

2. Dr. Lubin was a speaker in the Insys Speaker Program.

3. Dr. Lubin entered into a "Speaker Agreement" with Insys, which he signed on September 10, 2013. (*Id.* ¶ 100.)

4. Julia Key was prescribed Subsys by Dr. Lubin but, as with most of Dr. Lubin's patients, she never had a cancer diagnosis.

5. Dr. Lubin wrote Subsys prescriptions for TRICARE beneficiaries that were filled by pharmacies and paid for by TRICARE.

6. Dr. Lubin entered into subsequent Speaker Agreements with Insys, which he signed, bearing the following dates:

- Oct. 19, 2013 (PL's Ex. 78, INS-MDF-1215)

- March 21, 2014 (PL's Ex. 79, INS-MDF-1252)

- June 25, 2014 (PL's Ex. 80, INS-MDF-1240)

- November 24, 2015 (PL's Ex. 82, INS-MDF-1322)

- April 21 2016 (PL's Ex. 83, INS-MDF-1335)

7. Medication charts from certified patient files from Gessler Clinic (Plaintiff's Exhibit 163) represent prescriptions that Dr. Lubin or his physician assistant wrote. All Subsys prescriptions were authorized by Dr. Lubin.

8. Between 2013 and 2016, Dr. Lubin received payments from Insys totaling approximately $159,580 for speaker events, training, and travel. These Insys payments were in the form of checks, which Dr. Lubin signed. He deposited them into his Center State Bank checking account.

X. Concise Statement of Agreed Upon Principles of Law

1. The Court has jurisdiction, and venue is proper in this Court. (Doc. 1, ¶¶ 2–3; Doc. 26, ¶2–3.)

2. The parties have agreed to the standard Eleventh Circuit pattern jury instructions for civil cases. There are no pattern jury instructions for the FCA False or the AKS. The parties filed their non-pattern jury instructions on July 14, 2023. (Doc. 57).

3. The government may treat Edward Lubin as a hostile witness in its case-in-chief.

4. The United States may present evidence at trial of conduct relating to the alleged kickback scheme that occurred before September 14, 2018, which is the agreed statute of limitations date for purposes of calculating damages.

5. The parties have agreed to the entry of Insys and Plan 365 business records through records custodian affidavits and the admission of summary charts into evidence. (Doc. 51, United States Motions in Limine on Uncontested Issues, Doc. 63, Defendant's Notice of Consent).

XI. Concise Statement of Each Issue of Fact (without incorporating other documents)

1. Did Insys pay remuneration in the form of speaker fees to Dr. Lubin to induce Dr. Lubin to prescribe Subsys to his patients?

2. Were Dr. Lubin's Subsys prescriptions medically necessary?

3. Did Dr. Lubin receive or ask for remuneration, such as a kickback or bribe, from Insys?

4. Did Dr. Lubin receive remuneration in return for ordering or prescribing Subsys?

5. Did Dr. Lubin act knowingly and willfully in receiving or asking for remuneration from Insys?

6. Did Dr. Lubin knowingly present or cause to be presented false claims for payment to the United States?

7. Did Dr. Lubin knowingly make or use, or cause to be made or used, false records or statements in support of claims to the United States?

8. Was the information in the claims, records, or statements that Dr. Lubin submitted, caused to be submitted, made or used, or caused to be made or used, material to the United States' decision to pay the claims?

9. Does Medicare pay for Subsys prescriptions for off-label prescribing?

10. Did Dr. Lubin cause damages to the United States?

11. If Dr. Lubin submitted or caused the submission of false claims to federal health care programs, how many false claims did Dr. Lubin cause to be submitted for Subsys prescriptions?

12. What was the monetary amount of these false claims?

13. Did Dr. Lubin write Subsys prescriptions believing in good faith he did not violate the Anti Kickback Statute.

XII. Concise Statement of Each Issue of Law (without incorporating other documents)

1. Is a good faith jury instruction necessary when the government has to prove the defendant acted willfully under the AKS?

2. Can the United States admit the business records from the following entities, at the beginning of trial, pursuant to business records declarations:

      a) Center State Bank
      b) First Coast Service Options
      c) Medicare/Investigations MEDIC
      d) DHA/TRICARE

    e) Publix Pharmacy
    f) TIRF REMS
    g) Winter Haven Pharmacy
    h) Gessler Clinic
    i) Winter Haven Hospital
    j) Lakeland Regional Hospital
    k) Advent Health Lake Wales

3. Will the Court exclude the testimony of more than 200 previously undisclosed witnesses on Defendant Edward Lubin's witness list? (Doc. 50, United States Contested Motions in Limine.)

4. Will the Court limit the United States' expert's testimony (Doc. 62, Defendant's Motion in Limine).

5. Can the United States admit evidence of a 2016 lawsuit against Lubin for the limited purpose of demonstrating notice? (Doc. 50, United States Contested Motions in Limine.)

6. Can the United States admit witness Brittany Williams' anticipated refusal to answer questions at trial, by invoking the Fifth Amendment, as adverse evidence against her? (Doc. 50, United States Contested Motions in Limine, Doc. 57 at 51, Proposed Fifth Amendment Adverse Inference Instruction.)

7. Can the United States admit authenticated text communications of witness Karen Hill under Fed. R. Evid, 803(6), 902(11), 803(1), 803(3), or 807. (Doc. 50, United States Contested Motions in Limine.)

8. Can the United States admit the deferred prosecution agreement of Insys Therapeutics and the plea agreement of Karen Hill into evidence under Federal Rule

of Evidence 803(22) and/or Federal Rule of Evidence 201? (Doc. 50, United States Contested Motions in Limine.)

XIII. List of Pending Motions or Other Unresolved Issues

1. Plaintiff's Motions in Limine, Doc. 50.

2. Defendant's Motion in Limine, Doc. 62.

XIV. Statement of the Usefulness of Further Settlement Discussions

The parties mediated on two prior occasions to an impasse. The first mediation took place before the case was filed, on August 13, 2021. The second mediation took place prior to the close of discovery on December 20, 2022, before Magistrate Judge Julie S. Sneed. Based on the discussions of counsel at the Pretrial Meeting, it does not appear further mediation would be fruitful at this time.

Certification of Counsel Signatures

In preparing this final pretrial statement, counsel has aimed for the just, speedy, and inexpensive resolution of this case.

Dated: July, 25, 2023

| SISCO-LAW | ROGER B. HANDBERG<br>United States Attorney |
|---|---|
| by: /s/ Dale Sisco<br>Dale R. Sisco<br>Florida Bar No. 559679<br>1110 N. Florida Avenue<br>Tampa, FL 33602<br>Tele. (813) 224-0555<br>Fax: (813) 221-9736<br>Email: dsisco@sisco-law.com<br>*Lead Counsel for Edward Lubin, M.D* | By: /s/ Jeremy Bloor<br>JEREMY R. BLOOR<br>Assistant United States Attorney<br>Fla. Bar No. 0071497<br>400 W. Washington St., Ste. 3100<br>Orlando, Florida 32801<br>Telephone: (407) 648-7500<br>Fax: (407) 648-7643 |

11

Email: Jeremy.Bloor@usdoj.gov
*Lead Counsel for the United States of America*