UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  Case No.: 8:21-cv-2231-TPB-CPT

EDWARD LUBIN, M.D.,

    Defendant.
_____/

## THE UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S SUGGESTION OF BANKRUPTCY

Pursuant to 11 U.S.C. § 362(b)(4), the United States of America hereby responds to Defendant's Suggestion of the Pendency of Bankruptcy Proceedings under Chapter 11 of the Bankruptcy Code (Doc. 69). Contrary to Defendant's assertion, this case is not subject to the automatic stay provision of Section 362 of the Bankruptcy Code. Rather, this action brought pursuant to the False Claims Act (FCA) falls squarely within the "police or regulatory power" exception to the automatic stay. 11 U.S.C. § 362(b)(4). As a result, this case should proceed as scheduled.

### MEMORANDUM OF LAW

Defendant represents that he filed a petition under Chapter 11 of the Bankruptcy Code on July 26, 2023, in the United States Bankruptcy Court for the Middle District of Florida, as Case No. 8:23-bk-3168. (Doc. 69, p. 1). Consequently, Defendant represents that "the filing of the Petition operates as a stay of the commencement or continuation

1

of these proceedings." (*Id.*) However, Defendant's representation is incorrect.

Ordinarily, a bankruptcy petition triggers an automatic stay of:

> the continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [the Bankruptcy Code], or to recover a claim against a debtor that arose before the commencement of [a bankruptcy case][.]

11 U.S.C. § 362(a). However, there are exceptions to the automatic stay, including the "police and regulatory power" exception set forth in 11 U.S.C. § 362(b)(4). Specifically, a bankruptcy filing does not act to stay "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power." 11 U.S.C. § 362(b)(4).

Actions brought pursuant to the FCA fall within the "police and regulatory power" exception to the automatic stay. *Universal Life Church, Inc. v. United States*, 128 F.3d 1294, 1298 (9th Cir. 1997) ("[A] civil suit brought pursuant to the Federal False Claims Act is sufficient to satisfy the section 362(b)(4) exception."); *United States v. Commonwealth Cos.*, 913 F.2d 518, 520, 525 (8th Cir. 1990) (concluding that it was "inescapable . . . that a governmental action attempting to fix damages for violation of the FCA comes within § 362(b)(4)" and holding that the government's proposed FCA action against the debtors was excepted from the automatic stay under § 362(b)(4) up through the entry of a money judgment); *see also United States v. Bourseau*, 531 F.3d 1159, 1164 (9th Cir. 2008) (recognizing that the district court had jurisdiction to enter its judgment in a FCA case despite the debtor's bankruptcy proceedings). Indeed,

2

> whether a False Claims Act suit is a proceeding by a governmental unit to enforce that unit's 'police or regulatory power' . . . is easily and confidently answered in the affirmative, as there is ample authority holding that laws, such as the False Claims Act, that are designed to prevent or stop fraud, or to fix damages for fraud already committed, are police or regulatory laws.

*United States ex rel. Doe v. X, Inc.*, 246 B.R. 817, 818 (E.D. Va. 2000); *see also United States v. Worldwide Fin. Servs., Inc.*, No. 01-70414, 2007 WL 4180718, at *1 (E.D. Mich. Nov. 26, 2007); *United States v. Oncology Assocs., P.C.*, Nos. CIV. H–95–2241, CIV. H–00–1216, CIV. H–00–1569, 2000 WL 1074304, at *4 (D. Md. July 24, 2000); *United States v. Mickman*, 144 B.R. 259, 260 (E.D. Pa. 1992); *United States v. NBI, Inc.*, 142 B.R. 1, 3 (D.D.C. 1992) (permitting *qui tam* relator's action to seek award of attorney's fees, costs and expenses); *United States v. Burton*, 132 B.R. 968, 969–70 (S.D. Ala. 1991). The legislative history of § 362(b)(4) explicitly recognizes that a fraud law, like the FCA, is a police or regulatory law. *See* S. Rep. 95-989, 1978 WL 8531, at *52 (1978). "The FCA is certainly a fraud law." *Commonwealth Cos.*, 913 F.2d at 525 (citing such legislative history).

The seminal case on this issue is *Commonwealth Companies, Inc.*, wherein the Eighth Circuit held that the government's proposed FCA action against the debtors was excepted from the automatic stay under § 362(b)(4) up through the entry of a money judgment. 913 F.2d at 527. In reaching this decision, the Eighth Circuit "conclude[d] that civil actions by the government to enforce the FCA serve to inflict the 'sting of punishment' on wrongdoers and, more importantly, deter fraud against the government, which Congress has recognized as a severe, pervasive, and expanding national

problem." *Id.* at 526. Therefore, the "police and regulatory interests furthered by enforcement of the FCA are undeniably legitimate and substantial." *Id.*; *see also Burton*, 132 B.R. at 970 ("If the government's primary purpose is the furtherance of a public policy, an action is exempted from the automatic stay even if the secondary purpose is pecuniary. The purpose of the False Claims Act is to punish and deter people from defrauding the government as well as to compensate the government for loss.")

Courts within this District have relied on the Eight Circuit's decision in *Commonwealth Companies, Inc.* in similarly holding that FCA lawsuits brought by the government are not subject to the automatic stay in the Bankruptcy Code. *E.g.*, *United States ex rel. Green v. Inst. of Cardiovascular Excellence, PLLC*, No. 5:11-CV- 406-OC-37TBS, 2016 WL 2866567, at *1–*2 (M.D. Fla. May 17, 2016) (noting "the Court was persuaded by the rationale that FCA actions are exempt from the automatic stay through entry of judgment"); *see also United States ex rel. Cancel v. Cent. Med. Sys., LLC*, Case No. 6:14-cv-512-Orl-28TBS, at *2 (M.D. Fla. Dec. 6, 2018) (concluding that the government's FCA action was within the § 362(b)(4) exception and could proceed despite the defendants' filing of a bankruptcy petition).[1]

While the bankruptcy court in *In re Bicoastal Corporation*, 118 B.R. 854 (M.D. Fla. 1990), found that an FCA action brought by the government was not exempt from the automatic stay provision, that ruling has been explicitly rejected by two courts in this District. *Green*, 2016 WL 2866567, at *2 n.1 ("The Court previously considered and

---

[1] Notably, Mr. Sisco was defense counsel in the *Cancel* litigation and unsuccessfully made the same argument for the invocation of the automatic stay.

declined to follow the holding of *In re Bicoastal Corporation* in light of the more persuasive rationale from the Eighth Circuit and Judge Paskey's subsequent and contrary ruling in *In re Bilzerian*."); *see also Cancel*, Case No. 6:14-cv-512-Orl-28TBS, at *3 (expressing disagreement with the holding in *In re Bicoastal Corporation* and declining to stay the FCA case); *cf. Burton*, 132 B.R. at 970 ("The bankruptcy court erred in denying the government an exemption from the automatic stay to pursue its claims against the debtor under the False Claims Act."). This Court should follow suit and find that the instant FCA action falls within the police and regulatory exception to the automatic stay under 11 U.S.C. § 362(b)(4).

## CONCLUSION

Based on the foregoing, this FCA case should proceed to trial as scheduled.

Dated: July 26, 2023

                                            Respectfully submitted,

                                            **ROGER B. HANDBERG**
                                            United States Attorney

By:   */s/ Jeremy R. Bloor*
       **JEREMY R. BLOOR**
       Assistant United States Attorney
       Fla. Bar No. 0071497
       400 West Washington Street, Suite 3100
       Orlando, FL 32801
       Phone: 407-648-7500
       Fax: 407-648-7588
       Email: jeremy.bloor@usdoj.gov
       ***Lead Counsel for the United States***

/s/ *Kelley Howard-Allen*
**KELLEY HOWARD-ALLEN**
Assistant United States Attorney
Fla. Bar No. 85464
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Phone: 813-274-6000
Fax: 813-274-6200
Email: kelley.howard@usdoj.gov

/s/ *Somadina I. Nwokolo*
**SOMADINA I. NWOKOLO**
Assistant United States Attorney
Fla. Bar No. 120126
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Phone: 813-274-6000
Fax: 813-274-6200
E-Mail: soma.nwokolo@usdoj.gov

*Counsel for the United States*